DAMIAN WILLIAMS
United States Attorney
Southern District of New York
By:     DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2733
david.kennedy2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **COMPLAINT** |
| Plaintiff, | : | |
| | : | |
| v. | : | 23 Civ. _____ (_____) |
| | : | |
| ARTIMUS CONSTRUCTION, INC., | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------------x

Plaintiff the United States of America (the "United States") alleges as follows:

1. This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act" or the "FHA"), 42 U.S.C. §§ 3601-3619. As set forth below, the United States alleges that defendant Artimus Construction, Inc. ("Artimus"), acting directly and through entities that it owns and/or controls, has unlawfully discriminated against persons with disabilities under the FHA by failing to design and construct covered multi-family dwellings in Manhattan — including Chelsea Park and Susan's Court — so as to be accessible to persons with disabilities.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant Artimus has its principal place of business in this District, because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this District, and because the properties that are the subject of this action are located in this District.

### The FHA's Accessible Design and Construction Requirements Apply to Chelsea Park and Susan's Court

4. Chelsea Park is a 12-story residential apartment complex located at 260 West 26th Street in Manhattan. Chelsea Park contains 204 rental units and has elevator access. The public and common features at Chelsea Park include, *inter alia*, a lounge for residents, a gym, on-site laundry rooms, and indoor and outdoor play areas for children.

5. Susan's Court is an eight-story residential apartment complex located at 454 Manhattan Avenue in Manhattan. Susan's Court contains 125 rental units, including 75 units specifically designated as "affordable," and has elevator access. The public and common features at Susan's Court include, *inter alia*, a fitness center, on-site laundry rooms, and on-site storage spaces for residents.

6. The rental units at Chelsea Park and Susan's Court are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

7. Chelsea Park and Susan's Court were designed and constructed for first occupancy after 1991. The rental units at Chelsea Park and Susan's Court accordingly are "covered multi-family dwellings" within the meaning of 42 U.S.C. § 3604(f)(7) and 24 C.F.R. § 100.21, and are subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. §§ 100.205(a), (c).

**Artimus's Construction of Covered Multifamily Dwellings**

8. Artimus, directly and operating through entities that it owns and/or controls, is the developer and owner of Chelsea Park and Susan's Court. In these capacities, Artimus participated in the design and construction of these rental complexes.

**Inaccessible Conditions at Chelsea Park and Susan's Court**

9. Artimus participated in the design and construction of Chelsea Park and Susan's Court, which are inaccessible to persons with disabilities.

10. Specifically, Chelsea Park was designed and constructed with numerous inaccessible conditions that include, but are not limited to, the following:

    a. Excessively high thresholds at the entrance doors into individual units;

    b. Insufficiently wide doorways into bathrooms in individual units;

    c. Excessively high thresholds to the balcony in individual units;

    d. Insufficient widths between kitchen counters and kitchen appliances in individual units;

    e. Excessively high thresholds at the entrances to the roof deck; and

    f. Mailboxes mounted too high to accommodate persons who use wheelchairs.

11. Similarly, Susan's Court was designed and constructed with numerous inaccessible conditions that include, but are not limited to, the following:

    a. Insufficiently wide doorways into bathrooms in individual units;

    b. Insufficient clear floor space in bathrooms in individual units;

    c. Excessively high threshold at the entrance to the courtyard for residents; and

    d. Mailboxes mounted too high to accommodate persons who use wheelchairs.

12. In light of the inaccessible conditions identified in paragraphs 10 through 11 above, Artimus failed to comply with the applicable FHA accessible design and construction provisions

in designing and constructing Chelsea Park and Susan's Court. Artimus likewise failed to comply with New York City's accessibility code in designing and constructing these rental complexes.

## Fair Housing Act Claims

13. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1–12 above.

14. Artimus violated 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205(c) by failing to design and construct covered multi-family dwellings in such a manner that:

    a. the public use and common use portions of the dwellings are readily accessible to and usable by persons with disabilities;

    b. all doors designed to allow passage into and within the dwellings are sufficiently wide to allow passage by persons who use wheelchairs for mobility; and

    c. all premises within such dwellings contain the following features of adaptive design:

        i) an accessible route into and through the dwelling;

        ii) light switches, electrical outlets, thermostats, and/or other environmental controls in accessible locations; and

        iii) usable kitchens and bathrooms, such that an individual using a wheelchair can maneuver about the space.

15. Artimus, through the actions and conduct referred to in the preceding paragraph, has:

    a. Discriminated in the sale or rental of, or otherwise made unavailable or denied, dwellings to buyers or renters because of a disability, in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

4

    b. Discriminated against persons in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c. Failed to design and construct dwellings in compliance with the accessibility and adaptability features mandated by 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R. § 100.205.

16. Artimus's conduct alleged above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619; and/or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601–3619, which raises an issue of general public importance.

17. Persons who may have been the victims of Artimus's discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i) and may have suffered injuries as a result of Artimus's conduct alleged above.

18. Artimus's discriminatory actions and conduct alleged above were intentional, willful, and taken in disregard for the rights of others.

**Prayer for Relief**

WHEREFORE, the United States prays that the Court enter an order that:

(1)     Declares that Artimus's policies and practices, as alleged herein, violate the Fair Housing Act;

(2)     Enjoins Artimus, including its officers, employees, agents, and all other persons in active concert or participation with any of them, from:

   a. Failing or refusing to bring the dwelling units and the public use and common use areas at covered multi-family dwellings, that Artimus has designed, developed, and constructed into compliance with the FHA;

   b. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, persons harmed by Artimus's unlawful practices to the position they would have been in but for the discriminatory conduct;

   c. Designing and/or constructing any covered multi-family dwellings in the present and future that do not comply with requirements of the FHA;

   d. Failing or refusing to conduct a compliance survey at covered multi-family housing complexes that Artimus has designed, developed, and constructed to determine whether any retrofits ordered have been made properly;

(3)     Awards appropriate monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to each person harmed by Artimus's discriminatory conduct and practices; and

(4)     Assesses a civil penalty against Artimus in the maximum amount authorized under 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

       The United States further prays for such additional relief as the interests of justice may require.

Dated:    New York, New York
            March 20, 2023

                    MERRICK B. GARLAND
                    Attorney General

                    KRISTEN CLARKE
                    Assistant Attorney General
                    Civil Rights Division

                    DAMIAN WILLIAMS
                    United States Attorney

By: /s/ David J. Kennedy
                    DAVID J. KENNEDY
                    Assistant United States Attorney
                    86 Chambers Street, 3rd Floor
                    New York, New York 10007
                    Tel. (212) 637-2733
                    david.kennedy2@usdoj.gov